**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

FILED '08 JAN 30 15:16 USDC-LAE

**KRISTIE EUGENE** **CIVIL ACTION**

**VERSUS** **NO.** 08-796

**CITY OF NEW ORLEANS, MAYOR C. RAY NAGIN, KENYA SMITH, ARLINDA P. WESTBROOK AND MARY PETTINGILL**

**SECTION " "**

**MAGISTRATE " "**

SECT. N MAG. 2

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, KRISTIE EUGENE , who respectfully submits the following:

**PARTIES**

I.

Plaintiff herein, KRISTIE EUGENE , is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

II.

At all times pertinent herein Plaintiff was employed by the CITY OF NEW ORLEANS and MAYOR C. RAY NAGIN.



Fee 350
✓ Process
X Dktd
CtRmDep
Doc No.

III.

Made defendants herein are the CITY OF NEW ORLEANS, (hereinafter referred to as "the CITY"), an incorporated entity authorized and presently doing business in the State of Louisiana, MAYOR C. RAY NAGIN, KENYA SMITH, ARLINDA P. WESTBROOK and MARY PETTINGILL.

IV.

At all times relevant herein, Plaintiff, KRISTIE EUGENE was employed as **Director of Boards and Commissions** for the CITY OF NEW ORLEANS, beginning October 14, 2003. During the pertinent times discussed below, plaintiff was earning $58,500.00 per year, plus benefits.

## JURISDICTION

V.

This Honorable Court has jurisdiction based on violations of federal law pursuant to the FAMILY MEDICAL LEAVE ACT, the FAIR LABOR STANDARDS ACT OF 1938, the FEDERAL TORT CLAIM ACT and has been deprived of her rights as secured by the laws and Constitution of the United States of America, to-wit: the Fourth and Fourteenth Amendment of the United States Constitution. This Honorable Court further has pendent jurisdiction over the State causes of action herein which arose from a common nucleus of facts.

VI.

The defendants and their agents and employees have deprived plaintiff of her rights and protections on the basis of violations of the Family Medical Leave Act (FMLA), the fair Labor Standars Act of 1938,intentional infliction of emotional distress and other related causes of action under 29 U.S.C 203, et seq. and LA, C.C. Art 2315.

VII.

At all times relevant, plaintiff's supervisors were MAYOR C. RAY NAGIN, KENYA SMITH, ARLINDA P. WESTBROOK and MARY PETTINGILL.

VIII.

Plaintiff was and is protected by and subject to all rights, provisions and protections provided for under FMLA during all times described herein.

IX.

Plaintiff went out on FMLA approved sick leave on September 10, 2007 for an initial period of approximately five (5) weeks, due to a serious medical condition. Appropriate physician's certificates and CITY request for leave forms were provided to defendants at that time, advising defendants that plaintiff intended to return to work as soon as possible, and would be re-evaluated by her physician on October 12, 2007 for possible return to work on October 15, 2007. Plaintiff's direct supervisor, Kenya Smith, subsequently confirmed in writing to plaintiff that she was officially considered by the CITY to be out under the provisions and protections of

FMLA. During this five (5) week period, Ms. Eugene elected to and was allowed to substitute accrued sick/annual paid leave as provided under FMLA.

X.

On or about October 12, 2007, plaintiff was reevaluated by her physician, who advised that plaintiff was unable to return to work at that time and recommended she remain out until November 16, 2007, when she would be reevaluated for possible return to work on November 19, 2007. On that same day, October 12, 2007, plaintiff immediately advised defendants by e mail of this reevaluation, and forwarded to defendants her physician's certificate, in exactly the same form as the original physician's certificate approved for FMLA leave 4 weeks before, certifying she was still under his care and unable to return to work, and would be reevaluated on November 16, 2007 for possible return to work on November 19, 2007. Plaintiff requested written confirmation of defendants' approval of this extension, and again elected and requested to continue using accrued paid leave during this period, but defendants refused to respond to plaintiff at all, despite additional requests made by plaintiff via e mail on October 15, 23, 24, 29, 2007.

XI.

Plaintiff's paid leave was abruptly terminated by defendants on October 26, 2007, with absolutely no notification, warning, and/or explanation to plaintiff, despite her repeated requests to continue using her substantial accrued paid leave, in direct and intentional violation of FMLA Sec. 102, (d) 2.

XII.

Finally, on November 7, 2007, plaintiff's supervisor, Kenya Smith, executive assistant to Mayor Nagin, confirmed in writing to plaintiff that the entire time plaintiff had been out was, indeed, formally considered by himself and the City, and other defendants acting on behalf of the City, to be approved use of protected leave under FMLA. However, although Mr. Smith had just confirmed that plaintiff was out on approved FMLA leave, and thus beneficiary of all rights and protections provided to employees under FMLA, he advised that he could not approve plaintiff's election to utilize her accrued paid leave until he received more detailed information regarding plaintiff's diagnosis and prognosis, again in direct and intentional violation of FMLA Sec. 102, (d) 2.

XIII.

On November 9, 2007, plaintiff sent Mr. Smith all medical information she had, and advised him she intended to return to work per her physician's statement in approximately one week. On that same date, Mr. Smith advised plaintiff that any further questions should be directed to New Orleans City Attorney Arlinda Westbrook.

XIV.

On November 12, 2007, plaintiff contacted Ms. Westbrook per Mr. Smith's direction, and requested clarification re whether Mr. Smith was not approving plaintiff's continued use of her protected FMLA leave at all, or just her request to substitute accrued paid leave for unpaid leave while out on protected FMLA leave. On November 12, 2007, New Orleans City Attorney Arlinda

Westbrook confirmed in writing to plaintiff that she was still considered by the City to be out on federally protected FMLA leave, as previously approved by her supervisor, Kenya Smith, and based on documentation previously received from plaintiff's physician, but that Mr. Smith was simply not approving her request to substitute accrued paid leave for unpaid leave. Ms. Westbrook advised plaintiff that she needed to submit more detailed information from her physician for the sole purpose of determining if she would be allowed to substitute her accrued paid leave for unpaid leave.

XV.

On November 14, 2007, plaintiff supplied defendants with the requested more-detailed physician's report, stating the exact nature of plaintiff's condition, that it had completely resolved, and that she could return to work on November 19, 2007, and requested direction in writing on where/to whom she should report, but received no response. On November 15 and 16, 2007, plaintiff reiterated this request in writing, again with no response. On Sunday, November 18, 2007, plaintiff advised defendants in writing that she intended to report to work on November 19, 2007, per her physician's release. At approximately 6:30 pm on Sunday, November 18, 2007, Ms. Westbrook advised plaintiff she should not report to work, that she was still on "unpaid leave, and requested yet another "more detailed" doctor's report.

XVI.

On November 28, 2007, plaintiff supplied defendants, in writing, with another even more-, detailed report confirming plaintiff's diagnosis, that said diagnosis constituted a serious

medical condition which had been successfully treated, including placing plaintiff on prescription medication, that plaintiiff's condition had completely resolved and she was able to return to work and resume her former job duties with no restrictions whatsoever. Plaintiff received no response whatsoever from defendants regarding her return to work. On December 9, 2007, plaintiff wrote to defendants twice, confirmed they had received her physician's more detailed report, and implored them to advise when she could return to work, as she had not received a paycheck since October, and their continued refusal to allow her to return to work following approved FMLA leave constituted a severe financial hardship on her. Plaintiff further stated that if she had been terminated, they so advise her. Later on that same day, Mr. Smith responded to plaintiff's inquires stating defendants were "still awaiting more detailed information", refused to allow plaintiff to return to work, and advised her that City Attorney Arlinda Westbrook would "follow-up".

XVII.

On December 14, 2007, New Orleans City Attorney Arlinda Westbrook, on information and belief at the behest of and/or in conjunction with Kenya Smith and Mary Pettingill, wrote directly to plaintiff's physician, without her permission or consent, and requested he provide defendants with privileged and confidential information regarding plaintiff, including a list of each and every "essential job function" he had released plaintiff to perform, in direct and intentional violation of the provisions and protections of FMLA. On December 19, 2007, plaintiff's physician, without disclosing any personal, privileged or confidential information of any nature whatsoever, requested defendants provide his office with plaintiff's specific job

description. On December 20, 2007, New Orleans City Attorney Arlinda Westbrook, on information and belief at the behest of and/or in conjunction with Kenya Smith and Mary Pettingill, again wrote directly to plaintiff's physician, without her permission or consent, refused to provide his office with plaintiff's specific job description, and again requested he provide defendants with highly personal, privileged and confidential information regarding plaintiff, in direct and intentional violation of the provisions and protections of FMLA. Plaintiff's physician refused to respond to or provide defendants with the defendants' requested. On information and belief, these actions by defendants Westbrook, Smith and Pettingill, in both their individual capacities and their capacity as agents, supervisors and employees of the City of New Orleans and C. Ray Nagin, were designed, calculated and intended to cause emotional distress to plaintiff.

XVIII.

Since December 20, 2007, plaintiff has never been contacted by defendants nor any other representatives of the City, continues to be denied her federally protected right to return to work, and although still maintained on defendants' insurance plan, receives no pay of any kind. Plaintiff asserts she has therefore been constructively terminated, in violation of the rights and protections guaranteed under FMLA. At all times relevant, plaintiff was on FMLA leave, and defendant was fully aware that plaintiff had every intention of returning to work upon release by her physician.

**CAUSES OF ACTION**

XIX.

Based on the conduct and action of Defendants and its supervisory personnel, Plaintiff, KRISTIE EUGENE, has the following causes of action against Defendants:

1) Violations of the Family Medical Leave Act;

2) Intentional infliction of emotional distress and other violations of Louisiana law ;

3) Other related cases of action to be determined at trial.

XX.

Defendants, C. Ray Nagin and the City of New Orleans, are liable under the theory of respondeat superior, for the act, omissions and conduct of its employees.

XXI.

Defendants, C. Ray Nagin and the City of New Orleans, are liable due to the inaction of its employees, managers and supervisors for failing to implement a policy and/or procedure regarding handling of and/or reporting FMLA requests and/or violations.

XXII.

Further, defendants C. Ray Nagin and the City of New Orleans are strictly liable for the violations of the provisions of FMLA outlined above since there was no policy and/or procedure for reporting FMLA violations to the City.

XXIII.

Defendants, C. Ray Nagin and the City of New Orleans, are liable for the following damages as a result of defendants violations of FMLA and Louisiana law:

Past loss wages;
Future loss wages and loss of earning capacity;
Past pain and suffering;
Future pain and suffering;
Past psychological damages;
Future psychological damages;
Damage to personal and professional reputation;
Attorneys fees;
Investigative cost

XXIV.

Plaintiff is entitled to punitive damages as a result of defendant's violations of 42 U.S.C. Section 2000, et. seq., regarding the Constitutional rights secured under the Fourth and Fourteenth Amendments, violations of FMLA, the Fair Labor Standards Act of 1938, and Louisiana law.

**RELIEF**

XXV.

Based on the above causes of action, Plaintiff prays for the following relief from this Honorable Court:

A) Enter a declaratory judgment that the aforementioned facts and practices of the defendants are in violation of the provisions of FMLA, the Fair Labor Standards act of 1938, and Louisiana law, as previously cited;

B) Issue a judgment enjoining defendants, its agents or assigns from continuing or maintaining their policy, practice and custom of violations of FMLA and the Fair Labor Standards act of 1938 by refusing to either rehire plaintiff or legally terminate her, and ordering them to rehire or terminate plaintiff;

C) Render a judgment for damages including but not limited to general, actual and compensatory and punitive damages, as well as costs and attorney's fees and any other relief which this Honorable Court deems to be fair and equitable.

XXVI.

Plaintiff prays for trial by jury on all issues herein.

**WHEREFORE**, Plaintiff prays that Defendants, THE CITY OF NEW ORLEANS, MAYOR C. RAY NAGIN, KENYA SMITH, ARLINDA P., WESTBROOK, and MARY PETTINGILL, be duly cited to appear and answer this Complaint for Damages, and, after legal delays and due proceedings had, this Honorable Court render judgment in favor of Plaintiff, KRISTIE EUGENE, and against Defendants, THE CITY OF NEW ORLEANS, MAYOR C. RAY NAGIN, KENYA SMITH, ARLINDA P. WESTBROOK and MARY PETTINGILL, as prayed for. Plaintiff further prays for trial by jury on all issues herein.

**Respectfully submitted,**

**PATRICK F. LEE (#07902)**
1202 Camp Street
New Orleans, LA 70130
Telephone: (504) 913-2771 and
**TIM L. FIELDS (#24794)**
**CHAD P. YOUNGBLOOD (30828)**
7611 Maple Street, Suite C
New Orleans, Louisiana 70118
Telephone: (504) 837-1304
Attorneys for Plaintiff, KRISTIE EUGENE

SERVICE VIA NOTICE OF LAWSUIT AND
REQUEST FOR WAIVER OF SERVICE OF SUMMONS